LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

DIEGO CISNEROS,
*on behalf of himself,*
*FLSA Collective Plaintiffs*
*and the Class,*

Case No.:

          Plaintiffs,

**CLASS AND**
**COLLECTIVE ACTION**
**COMPLAINT**

          v.

RBT RESTAURANT LLC
      d/b/a MAIELLA,
CENTER BLVD RESTAURANT LLC
      d/b/a AMERICAN BRASS,
ROBERT BRISKIN, and
TOMMY DEMARAS,

         Defendants.

---

Plaintiff, DIEGO CISNEROS, ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, RBT RESTAURANT LLC d/b/a MAIELLA, CENTER BLVD RESTAURANT LLC d/b/a AMERICAN BRASS (the "Corporate Defendants"), ROBERT BRISKIN and TOMMY DEMARAS (the "Individual Defendants," and collectively with the Corporate Defendants, the "Defendants") and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to invalid tip credit, (2) unlawfully retained gratuities, (3) unpaid overtime wages due to time-shaving, (4) compensation for improperly deducted meal credits, (5) liquidated damages, and (6) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid minimum wage due to invalid tip credit, (3) unlawfully retained gratuities, (4) unpaid overtime wages due to time-shaving, (5) unpaid spread of hours premium, (6) compensation for improperly deducted meal credits, (7) statutory penalties, (8) liquidated damages and (9) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.      Plaintiff DIEGO CISNEROS, for all relevant time periods, was a resident of Queens County, New York.

6.      Defendants own and operate a restaurant enterprise, comprising of two (2) locations with the following addresses:

      a.   46-10 Center Boulevard, Long Island City, NY 11109 ("Maiella"); and

b.  2-01 50th Avenue, Long Island City, NY 11109 ("American Brass").

Collectively, the restaurants listed above are referred to herein as the "Restaurants."

7.      The Restaurants operate as a single integrated enterprise. Specifically, the Restaurants are engaged in related activities, share common ownership, and have a common business purpose.

a.  Restaurants share common ownership through Individual Defendants.

b.  The Restaurants have shared management through Raffaele Solinas, who manages the kitchen employees for both of Defendants' Restaurants.

c.  Employees, ingredients, and restaurant supplies are interchangeable among Restaurants. Plaintiff DIEGO CISNEROS routinely transferred supplies between the Restaurants, typically twice per month during the entirety of his employment.

d.  The Restaurants jointly advertise with multiple publications, most notably the New York Times, referring to the two Restaurants as "siblings," citing their common ownership and close proximity. *See* **Exhibit A** for Examples Joint Marketing of Defendants.

e.  The two restaurants share the same managerial employee who coordinates menus of both restaurants.

8.      Corporate Defendant, RBT RESTAURANT LLC d/b/a MAIELLA, is a domestic business corporation organized under the laws of New York, with a principal place of business and address for service of process located at 46-10 Center Boulevard, Long Island City, NY 11109.

9.      Corporate Defendant, CENTER BLVD RESTAURANT LLC d/b/a AMERICAN BRASS, is a domestic business corporation organized under the laws of New York, with a principal place of business located at 2-01 50th Avenue, Long Island City, NY 11109, and address for service of process located at 4545 Center Boulevard, Apt. 2602, Long Island City, NY 11109.

10.      Individual Defendant, ROBERT BRISKIN is the principal, executive officer, and owner of RBT RESTAURANT LLC d/b/A MAIELLA, and CENTER BLVD RESTAURANT LLC d/b/a AMERICAN BRASS. Defendant ROBERT BRISKIN exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. ROBERT BRISKIN frequently visited the Restaurants. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to ROBERT BRISKIN directly regarding any of the terms of their employment, and ROBERT BRISKIN had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

11.      Individual Defendant, TOMMY DEMARAS is the principal, executive officer, and owner of RBT RESTAURANT LLC d/b/a MAIELLA, and CENTER BLVD RESTAURANT LLC d/b/a AMERICAN BRASS.  Defendant TOMMY DEMARAS exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. TOMMY DEMARAS frequently visited the Restaurants. He exercises the power

to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to TOMMY DEMARAS directly regarding any of the terms of their employment, and TOMMY DEMARAS had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

12.    At all relevant times, Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13.    At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14.    Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including but not limited to delivery persons, servers, runners, bussers, bartenders, baristas, cashiers, porters, cooks, line cooks, grill chefs, pastry chefs, food preparers, salad preparers, and dishwashers  employed by Defendants on or after the date that is six years before the filing of the Complaint ("FLSA Collective Plaintiffs").

15.    At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay

employees (i) proper overtime premium at one and one half times their straight time base hourly rates for each hour worked in excess of forty (40) per workweek, (ii) all earned wages due to a policy of time shaving, and (iii) full compensation due to improperly deducted meal credits. Further, with respect to tipped employees, Defendants were not entitled to take any tip credits under the FLSA, or to compensate Plaintiff and FLSA Collective Plaintiffs at a sub-minimum wage hourly rate, because they improperly retained gratuities, and failed to satisfy all statutory requirements for taking a tip credit.

16.     Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

17.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

18.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees, including but not limited to delivery persons, servers, runners, bussers, bartenders, baristas, cashiers, porters, cooks, line cooks, grill chefs, pastry chefs, food preparers, salad preparers, and dishwashers employed by Defendants on or after the date that is six years before the filing of the Complaint (the "Class Period").

19.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

20.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of waiters, servers, runners, delivery persons and bussers ("Tipped Subclass") who also number more than forty (40). Plaintiff DIEGO CISNEROS is a member of both the Class and the Tipped Subclass.

21.     Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, including: (i) failing to pay all earned minimum wage, (ii) failing to pay overtime premium due to a policy of time shaving, (iii) failing to pay spread of hours premium, (iv) improperly deducting meal credits, (v) failing to provide wage statements in compliance with the NYLL, and (vi) failing to provide wage and hour notices upon hiring and as required thereafter, pursuant to the NYLL. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts

as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22.     Furthermore, Plaintiff DIEGO CISNEROS and the Tipped Subclass also suffered as a result of Defendants' failure to pay them the proper minimum wage, Defendants' unlawful withholding of gratuities through an invalid tip pooling scheme, and Defendants' unlawful misappropriation of the tips that they earned. Plaintiff and the Tipped Subclass members were subjected to Defendants' policy and practice of deducting a tip credit despite Defendants' failure to observe requirements of the NYLL. In violation of the NYLL, Defendants (i) failed to provide proper notice that a tip credit was being claimed, (ii) failed to record the tip credit allowance taken on periodic wage statements given to Plaintiff and Tipped Subclass members, (iii) required Plaintiff and Tipped Subclass members to spend two (2) hours, or twenty percent (20%) of each shift engaged in non-tipped activities, and (iv) implemented an invalid tip-pooling scheme, whereby Plaintiff and Tipped Subclass Members were required to share tips earned with non-tipped employees.

23.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

24.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and

without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)  Whether Defendants employed Plaintiff and the Class within the meaning of the NYLL;

b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c)  At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d)  Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

e)  Whether Defendants improperly deducted meal credits from Plaintiff's and Class members' wages;

f)  Whether Defendants properly provided notice to members of the Tipped Subclass that Defendants were taking a tip credit;

g)  Whether Defendants provided proper wage statements informing the Tipped Subclass members of the amount of tip credit taken for each payment period, their proper overtime rate of compensation and other information required to be provided on wage statements, as required under the NYLL;

h)  Whether Defendants established the tip payment structure for the Tipped Subclass members;

i)  Whether Defendants mandated an unlawful tip-pooling scheme whereby Plaintiff and Class members were required to share tips earned with non-tipped employees;

j)  Whether Defendants took the proper amount of tip credit allowance under the NYLL;

k)  Whether Defendants required Tipped Subclass members to perform non-tipped duties exceeding twenty percent (20%) of each workday;

l)  Whether Defendants established the tip payment structure for Class members without the agreement or consent of the Class members;

m)  Whether Defendants provided to Plaintiff and Class members proper wage and hour notices at date of hiring, per requirements of the NYLL;

n)  Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by the NYLL;

o)  Whether Defendants paid Plaintiff and Class members overtime premium at one and one half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek;

p)  Whether Defendants required Plaintiff and Class members to perform unpaid off-the-clock work;

q)  Whether Defendants paid the "spread of hours" premium owed to Plaintiff and Class members working more than ten (10) hours per day as required by the NYLL; and

r)  Whether Defendants paid Plaintiff and Tipped Subclass members the state minimum wage for all hours worked.

### STATEMENT OF FACTS

27.  In or around February 2020, Plaintiff DIEGO CISNEROS was hired by Defendants to work as a food runner for Defendants' Restaurant American Brass, located at 2-01

50th Avenue, Long Island City, NY 11109. Plaintiff CISNEROS had his employment terminated in or around June 2021.

28.     During his employment by Defendants, Plaintiff CISNEROS was scheduled to work six (6) days per week, working on Mondays through Saturdays, from 3:00 p.m. to 10:00 p.m., for a total of forty-two (42) hours per week ("Regular Hours").

29.     In addition to this Regular Hours, Plaintiff would work two (2) hours past his shift every day, engaging in non-tipped side work.  Such side work included: (i) dishwashing, (ii) taking out trash, (iii) porter work, (iv) inventory, (v) working in the oyster bar, (vi) preparing food, (vii) accepting, unloading, and storing incoming deliveries, (viii) polishing glass and silverware, (ix) acting as expeditor, and (x) cleaning, sweeping, and mopping the establishment.

30.     Further, in addition to his Regular Hours, Plaintiff CISNEROS would be asked to work a double shift one (1) to three (3) times a month.  On days Plaintiff worked a double shift, he would begin work at 9:00 am and end after 10:00 pm.

31.     Plaintiff CISNEROS was a victim of Defendants' policy of time-shaving. Plaintiff CISNEROS and Class Members were forced by Defendants to perform a significant amount of off-the-clock work. Plaintiff CISNEROS was not compensated for hours worked beyond his Regular Hours. Plaintiff's paystubs would routinely reflect only his Regular Hours of thirty-eight (38) to forty (40) hours per week, when in reality, Plaintiff worked at least forty-six (46) hours per week. On weeks Plaintiff CISNERO worked a double shift, at least ten (10) hours were shaved from his compensable time. FLSA Collective Plaintiffs and Class members worked similar hours to Plaintiff and were similarly victim of Defendants' time-shaving policies.

32.     Defendants intentionally failed to compensate all of Plaintiff's hours to avoid paying him his proper overtime compensation.   Defendants failed to compensate Plaintiff

CISNERO for approximately eight (8) hours a week, almost all of which would have been overtime hours. FLSA Collective Plaintiffs and Class members similarly engaged in off-the-clock work without compensation.

33.     During his employment by Defendants, Plaintiff CISNEROS regularly worked shifts exceeding ten (10) hours in duration. Defendants failed to pay all spread of hours premium for working such shifts, as required under the NYLL. Similarly, Class Members regularly worked shifts exceeding ten (10) hours in duration but were never paid proper spread of hours premium.

34.     From the start to the end of his employment, Plaintiff CISNERO was paid at sub-minimum wage hourly rate of ten dollars ($10.00). However, Defendants were not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendants: (i) failed to provide proper notice that a tip credit was being claimed, (ii) failed to record the tip credit allowance taken on periodic wage statements given to Plaintiffs and Tipped Subclass members, (iii) required Plaintiffs and Tipped Subclass members to spend two (2) hours, or twenty percent (20%) of each shift engaged in non-tipped activities, and (iv) implemented an invalid tip-pooling scheme, whereby Plaintiffs and Tipped Subclass Members were required to share tips earned with non-tipped employees.

35.     Specifically, Plaintiff CISNERO was required to engage more than two hours or 20% of his working time performing non-tipped related activities, such as washing dishes, taking out garbage, doing porter work at night, conducting inventory counts, rolling up cutlery, doing work at the oyster bar, preparing salads, accepting and unloading deliveries, transporting supplies between Maiella and American Brass, polishing glass and silverware, being an expeditor for other employees, and janitorial duties such as cleaning doors, sweeping, and

mopping. Even though Defendants required Plaintiff CISNERO and Tipped Subclass employees to engage in non-tipped activities in excess of two hours or 20% of the total hours worked each shift, Defendants improperly claimed tip credit for all hours worked by tipped employees.

36.     Moreover, during his employment by Defendants, Plaintiff CISNERO and the Tipped Subclass were victim to Defendants' improper distribution of tips. Defendants maintained an improper tip pool, as Defendants' permitted hostesses in the tip pool, despite not customarily and regularly receiving tips, and despite Defendants' failure to comply with FLSA regulation 29 CFR § 531.54(d).

37.     Defendants deducted a two dollar and fifty cent ($2.50) meal credit deduction everyday Plaintiff CISNERO worked, for a total of fifteen ($15.00) dollars per week. However, Defendants were not entitled to make such a deduction because the food they provided to employees did not satisfy the meal credit requirements. The food provided to employees consisted of leftovers from brunch service at the Restaurant and did not comply with the mandated food groups laid out in NYLL's regulation 12 NYCRR § 146-3.7. Plaintiff and Tipped Subclass Members all suffered from Defendants' improper meal credit deduction.

38.     Defendants did not provide Plaintiff or Class members with proper wage statements at all relevant times. Class members also received defective wage statements that did not comply with the NYLL.

39.     At no time during the relevant time periods did Defendants provide Plaintiff or Class members with wage notices or proper wage statements as required by NYLL. Defendants also failed to disclose the hourly rate of tip credit taken, or the amount of tip credit claimed in each pay period on the wage statements provided to Tipped Subclass Members.

40.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

41.     Plaintiff realleges and reavers Paragraphs 1 through 40 of this class and collective action Complaint as if fully set forth herein.

42.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

44.      At all relevant times, Defendant RBT RESTAURANT LLC and Defendant CENTER BLVD RESTAURANT LLC had gross annual revenues in excess of $500,000.00.

45.     At all relevant times, Defendants had a policy and practice of failing to pay wages due to invalid tip credit to Plaintiff CISNEROS and FLSA Collective Plaintiffs.

46.     At all relevant times, Defendants had a policy and practice of unlawfully retaining Plaintiff CISNERO's and FLSA Collective Plaintiffs' gratuities.

47.     At all relevant times, Defendants had a policy and practice of improperly deducting meal credits from Plaintiff CISNEROS's and FLSA Collective Plaintiffs' wages.

48.     At all relevant times, Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all of their hours worked in excess of forty (40) hours per workweek, due to a policy of time shaving.

49.     Records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

50.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

51.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

52.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime premium, and an equal amount as liquidated damages.

53.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

**VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND**

**CLASS MEMBERS**

54.     Plaintiff realleges and reavers Paragraphs 1 through 53 of this class and collective action Complaint as if fully set forth herein.

55.     At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the NYLL, §§2 and 651.

56.     Defendants willfully violated Plaintiff and Class members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

57.     Defendants willfully violated Plaintiff and Class members' rights by refusing to compensate them for off-the-clock hours during which they were required to work, including overtime hours.

58.     Defendants willfully violated Plaintiff and Class members' rights by failing to pay them spread of hours premiums required by state law.

59.     Defendants unlawfully misappropriated tips from Plaintiff CISNEROS and the Tipped Subclass by implementing and mandating a tip-pooling scheme without the consent and approval of Plaintiff CISNERO and the Tipped Subclass, whereby non-tipped employees were permitted to take from the tip pool.

60.     Defendants willfully violated the rights of Plaintiff CISNEROS and the Tipped Subclass by retaining gratuities, in direction violation of the NYLL.

61.     Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the NYLL.

62.     Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the NYLL.

63.     Defendants knowingly and willfully operated their business with a policy of not providing Plaintiffs and Class members proper wage notices, at date of hiring and annually thereafter, as required under the NYLL.

64.     Defendants knowingly and willfully operated their business with a policy of not providing wage statements, as required under the NYLL.

65.     Due to Defendants' NYLL violations, Plaintiff CISNEROS and the Tipped Subclass are entitled to recover from Defendants unlawfully retained meal credits.

66.     Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wages, unpaid minimum wages due to an invalid tip credit, compensation for unpaid off-the-clock hours worked including overtime hours, misappropriated gratuities due to the unlawful tip pooling scheme imposed by Defendants, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid minimum wages and overtime due under the NYYL;

d. An award of unpaid compensation, including overtime compensation, due to Defendants' policy of requiring unpaid off-the-clock work under the NYLL;

e. Aw award of unpaid wages due to invalid tip credit deductions under the NYLL;

f. An award of invalidly retained gratuities under the NYLL;

g. An award of invalid meal deductions under the FLSA and the NYLL;

h. An award of statutory penalties as a result of Defendants' failure to comply with NYLL wage notice and wage statement requirements;

i. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime premium, pursuant to 29 U.S.C. § 216;

j. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and wages for off-the-clock work including overtime hours, pursuant to the NYLL;

k. An award of unpaid spread of hours premium due under the NYLL;

l. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

m. Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

n. Designation of Plaintiff as Representatives of the Tip Subclass members;

o. Designation of this action as a class action pursuant to F.R.C.P. 23;

p. Designation of Plaintiffs as Representatives of Class; and

q. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands trial by jury on all issues so triable as of right by jury.


Dated: February 25, 2022

                                     Respectfully submitted,

                                     By: */s/ C.K. Lee*
                                     C.K. Lee (CL 4086)
                                     LEE LITIGATION GROUP, PLLC
                                     C.K. Lee (CL 4086)
                                     Anne Seelig (AS 3976)
                                     148 West 24th Street, Eighth Floor
                                     New York, NY 10011
                                     Tel.: 212-465-1188
                                     Fax: 212-465-1181
                                     *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*